UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| RYAN O'DELL, | : |
|       Plaintiff, | : Civil Action No. 23-cv-3543 |
| v. | : **COMPLAINT FOR VIOLATIONS OF SECTIONS 14(a) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934** |
| THE COMMUNITY FINANCIAL CORPORATION, MICHAEL B. ADAMS, JAMES M. BURKE, JAMES F. DI MISA, GREGORY C. COCKERHAM, M. ARSHED JAVAID, LOUIS P. JENKINS, JR., REBECCA M. MCDONALD, MARY TODD PETERSON, E. LAWRENCE SANDERS, III, AUSTIN J. SLATER, JR., JOSEPH V. STONE, JR., and KATHRYN M. ZABRISKIE, | : **JURY TRIAL DEMANDED** |
|       Defendants. | : |

---

Ryan O'Dell ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.  This is an action brought by Plaintiff against The Community Financial Corporation ("TCFC or the "Company") the members TCFC's board of directors (the "Board" or the "Individual Defendants"), and Shore Bancshares, Inc. and affiliates ("Shore" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between TCFC and Shore.

2.      Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the "Registration Statement") to be filed on April 14, 2023 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby TCFC will merge with and into Shore with Shore surviving the transaction as the surviving entity (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into on December 14, 2022 (the "Merger Agreement"), each TCFC stockholder will receive the right to receive 2.3287 shares of Shore common stock (the "Merger Consideration"). Following the consummation of the Proposed Transaction, Company shareholders will own 40% of the newly combined company common stock outstanding and Shore shareholders will own approximately 60% of the newly combined company common stock outstanding.

3.      As discussed below, Defendants have asked TCFC's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisor, Piper Sandler & Co. ("Piper Sandler") in support of its fairness opinion.

4.      It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to TCFC's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because plaintiff resides in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of TCFC stocks and has held such stocks since prior to the wrongs complained of herein.

10. Individual Defendant Michael B. Adams has served as a member of the Board since 2021.

11. Individual Defendant James M. Burke has served as a member of the Board since 2005 and is the President and Chief Executive Officer of the Company.

12. Individual Defendant James F. Di Misa has served as a member of the Board since 2005.

13. Individual Defendant Gregory C. Cockerham has served as a member of the Board since 2021.

14. Individual Defendant M. Arshed Javaid has served as a member of the Board since 2013.

15. Individual Defendant Louis P. Jenkins, Jr. has served as a member of the Board since 2000.

16. Individual Defendant Rebecca M. McDonald has served as a member of the Board since 2020.

17. Individual Defendant Mary Todd Peterson has served as a member of the Board since 2010.

18. Individual Defendant E. Lawrence Sanders, III has served as a member of the Board since 2018.

19. Individual Defendant Austin J. Slater, Jr. has served as a member of the Board since 2003.

20. Individual Defendant Joseph V. Stone, Jr. has served as a member of the Board since 2006.

21. Individual Defendant Kathryn M. Zabriskie has served as a member of the Board since 2017.

22. Defendant TCFC is a Maryland corporation and maintains its principal offices at 3035 Leonardtown Road, Waldorf, Maryland 20601. The Company's stock trades on the NASDAQ Exchange under the symbol "TCFC."

23. The defendants identified in paragraphs 10-21 are collectively referred to as the "Individual Defendants" or the "Board."

24. The defendants identified in paragraphs 10-22 are collectively referred to as the "Defendants."

**SUBSTANTIVE ALLEGATIONS**

A. <u>**The Proposed Transaction**</u>

25. TCFC operates as the bank holding company for Community Bank of the Chesapeake that provides commercial and retail banking services to individuals and businesses. The Company offers demand, savings, money market, and time deposit accounts, as well as certificates of deposit; and commercial real estate and other non-residential real estate, residential first mortgage, residential rental mortgage, construction and land development, home equity and second mortgage, and commercial equipment loans, as well as commercial loan products, including term loans, demand loans, and lines of credit; consumer loans, such as loans for automobiles, boats, recreational vehicles, and trucks, home improvement loans, secured and unsecured personal lines of credit, and credit card loans. It also provides safe deposit box, night depository, cash vault, automated clearinghouse transaction, wire transfer, automated teller machine (ATM), online and telephone banking, retail and business mobile banking, remote deposit capture, reciprocal deposit, merchant card, credit monitoring, investment, positive pay, payroll, account reconciliation, bill pay, credit card, and lockbox services. The Company was formerly known as Tri-County Financial Corporation and changed its name to The Community Financial Corporation in October 2013. TCFC was founded in 1950 and is headquartered in Waldorf, Maryland.

26. On December 14, 2022, the Company and Shore jointly announced the Proposed Transaction:

EASTON, Md. and WALDORF, Md. , Dec. 14, 2022 /PRNewswire/ -- Shore Bancshares, Inc. (NASDAQ: SHBI) ("Shore"), the holding company of Shore United Bank, N.A. and The Community Financial Corporation (NASDAQ: TCFC) ("TCFC"), the holding company of Community Bank of the Chesapeake, today announced they have entered into a definitive agreement under which TCFC will merge with and into Shore in an all-stock transaction valued at approximately $254.4 million, or $44.71 per share of TCFC common stock, based on a closing price for Shore's common stock of $19.20 as of December 13, 2022. The transaction is expected to be over 40% accretive to Shore's EPS in 2024. The combined company will have total assets of approximately $6.0 billion on a pro forma basis as of the assumed closing date of June 30, 2023.

Lloyd L. "Scott" Beatty, President and Chief Executive Officer of Shore, commented, "This combination creates a solid and very promising future for the combined organization. We are bringing together two well-known financial services brands that focus on providing remarkable client experiences, helping individuals and businesses reach their financial goals. The combined bank will remain committed to our employees and the relationships that they have developed over decades of serving our communities. The shareholders of Shore and TCFC should benefit from the pro forma profitability metrics that should continue to drive shareholder value.  An important consideration for this combination was to find a successor for me.  Jimmy Burke is not only a capable banker, but he has also been a banker in Maryland for a long time.  He has proven that he is worthy of taking over as President and CEO of the combined company at closing.  Clearly Jimmy shares the same philosophy and values as we do at Shore United Bank."

James M. ("Jimmy") Burke, President and Chief Executive Officer of TCFC, commented, "Shore and TCFC are both community-focused organizations, with similar cultures and visions for the future. Our combined size and resources will significantly enhance our scale and ability to help customers through higher loan limits, greater investment in technology and increased career opportunities for employees. This will allow the combined bank to continue to deepen its presence in our core markets and will also allow us to expand more effectively in the markets that we wish to serve. I am honored by the trust and confidence that Scott Beatty and the Board of Directors has placed in me by appointing me to be the President and Chief Executive Officer of the combined company. Scott has successfully led Shore through significant organic and strategic growth through his tenure.  I am proud to succeed Scott to lead a talented management team.  We will execute a business strategy

with a focus on delivering exceptional customer service and increasing shareholder value while continuing to honor our community values."

*Transaction Details*

Under the terms of the definitive agreement, which was unanimously approved by the boards of directors of both companies, holders of TCFC common stock will have the right to receive 2.3287 shares of Shore common stock. Existing Shore shareholders will own approximately 60% of the outstanding shares of the combined company and TCFC shareholders are expected to own approximately 40%.

*Name, Branding, Headquarters and Markets*

The combined company will trade under the Shore ticker symbol "SHBI" on the Nasdaq Global Select Market, will operate under the "Shore Bancshares, Inc." name, and the combined bank will operate under the "Shore United Bank, N.A." name. The administrative headquarters of the combined company will be located in Easton, Maryland.

The combined company will operate a desirable, contiguous footprint throughout the Delmarva Peninsula, Southern Maryland, the Greater Baltimore-Washington area and Central Virginia with plans to expand into attractive neighboring counties such as Prince George's County, Maryland.

*Governance and Leadership*

The combined company's board of directors will have twenty directors, consisting of twelve directors from Shore (which will include four representatives from the former Severn Bancorp, Inc. previously acquired by Shore) and eight directors from TCFC.

- Alan J. Hyatt, Shore's current Chairman, will continue to serve as Chairman of the combined company board of directors.

- Austin J. Slater, Jr., TCFC's current Chairman, will serve as Vice Chairman of the combined company board of directors.

The combined company will be led by a well-respected management team that is comprised of individuals with significant financial services experience.

- James M. Burke, TCFC's current President and Chief Executive Officer, will serve as President and Chief Executive Officer of the combined company.

- Donna J. Stevens, Shore's current Chief Operating Officer, will continue to serve as Chief Operating Officer of the combined company.

- Todd L. Capitani, TCFC's current Chief Financial Officer, will serve as Chief Financial Officer of the combined company.

- Andrea Colender, Shore's current Chief Legal Officer, will continue to serve as Chief Legal Officer of the combined company.

- B. Scot Ebron, TCFC's current Chief Banking Officer, will serve as Chief Banking Officer of the combined company.

- Charles "Charlie" Ruch, Shore's current Chief Credit Officer, will continue to serve as Chief Credit Officer of the combined company.

- The remainder of the executive team will draw from both Shore and TCFC.

*Timing and Approvals*

The transaction is expected to close late in the second quarter or early in the third quarter of 2023, subject to satisfaction of customary closing conditions, including regulatory approvals and shareholder approval from Shore and TCFC shareholders. TCFC directors and executive officers have entered into agreements with Shore pursuant to which they have committed to vote their shares of TCFC common stock in favor of the merger of TCFC with and into Shore. Shore directors and executive officers have entered into agreements with TCFC pursuant to which they have committed to vote their shares of Shore common stock in favor of the issuance of shares of Shore to TCFC shareholders in the merger. For additional information about the proposed merger of TCFC with and into Shore, shareholders are encouraged to carefully read the definitive agreement that will be filed with the Securities and Exchange Commission ("SEC") today.

*Advisors*
Piper Sandler & Co. acted as financial advisor to TCFC and delivered a fairness opinion to the Board of Directors of TCFC. Kilpatrick Townsend & Stockton LLP served as legal counsel to TCFC. Keefe, Bruyette & Woods, *A Stifel Company* acted as financial advisor to Shore in the transaction and

delivered a fairness opinion to the Board of Directors. Holland & Knight LLP served as legal counsel to Shore.

* * *

27.     The Board has unanimously agreed to the Proposed Transaction. It is therefore imperative that TCFC's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

B.     **The Materially Incomplete and Misleading Registration Statement**

28.     On April 14, 2023, TCFC and Shore jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction. The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses for TCFC*

29.     With respect to Piper Sandler's *Comparable Company Analyses*, the Registration Statement fails to disclose the financial metrics for each company selected by Piper Sandler for the analyses.

30.     With respect to Piper Sandler's *Analysis of Precedent Transactions*, the Registration Statement fails to disclose the financial metrics of each transaction selected by Piper Sandler for the analysis.

31. With respect to Piper Sandler's *Net Present Value Analyses* for TCFC, the Registration Statement fails to disclose: (i) the terminal value for TCFC; (ii) the inputs and assumptions underlying the discount rates ranging from 10% to 14%; (iii) the inputs and assumptions underlying the price to 2026 earnings multiples ranging from 8.5x to 13.5x; and (iv) the inputs and assumptions underlying multiples of 2026 tangible book value ranging from 125% to 200%.

32. With respect to Piper Sandler's *Net Present Value Analyses* for Shore, the Registration Statement fails to disclose: (i) the terminal value for Shore; (ii) the inputs and assumptions underlying the discount rates ranging from 10% to 14%; (iii) the inputs and assumptions underlying the price to 2026 earnings multiples ranging from 9.0x to 14.0x; and (iv) the inputs and assumptions underlying multiples of 2026 tangible book value ranging from 130% to 180%.

33. In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

34. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

35. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

36. Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

37. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

38. Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement. The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement

upon reviewing it, which they were required to do carefully. Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

39. The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

40. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of TCFC within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of TCFC, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of TCFC, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading

prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of TCFC, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

44. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

45. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

47. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 27, 2023                                         **MELWANI & CHAN LLP**

By: /s/ *Gloria Kui Melwani*
Gloria Kui Melwani (GM5661)
1180 Avenue of the Americas, 8th Fl.
New York, NY 10036
Telephone: (212) 382-4620

                                              Email: gloria@melwanichan.com

                                              *Attorneys for Plaintiff*